UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) ) ) |
| Plaintiff, | ) ) Civil Case No. 2:20-cv-05151-JMY |
| v. | ) ) Judge John M. Younge |
| JOHN DOE infringer identified as using IP address 173.62.214.161, | ) ) ) ) |
| Defendant. | ) ) |

**MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL, MAINTAIN PSEUDONYM IDENTIFIER IN CASE CAPTION, AND FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE OF PROCESS**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") respectfully moves the Court for an Order (1) granting leave to file an unredacted Amended Complaint, Amended Civil Cover Sheet, Proof of Service/Waiver of Service and Proposed Summons under seal and (2) directing the Clerk of the Court to maintain the case caption for this matter with a John Doe pseudonym, pursuant to Fed. R. Civ. P. 5.2(e), 10(a), 26(c), and L. Civ. R. 5.1.5(a)(2), and (3) for an extension of time within which to effectuate service of process, pursuant to Fed. R. Civ. P. 4(m), and states as follows:

1. Plaintiff is the owner of award winning, critically acclaimed adult motion pictures. Plaintiff's motion pictures are distributed through the *Blacked, Tushy, Vixen,* and *Blacked Raw* adult websites and DVDs.

2. Plaintiff filed suit on October 16, 2020, and alleges it recorded transactions infringing upon its copyrighted works emanating from IP address 173.62.214.161 within the BitTorrent network. D.E. 1. Pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff was originally

1

required to effectuate service on the Defendant no later than January 14, 2021.

3. On November 13, 2020, this Court granted Plaintiff leave to serve a subpoena on the Internet Service Provider ("ISP"), Verizon Fios ("Verizon" or "ISP"), to discover the identity of the subscriber assigned the IP address 173.62.214.161, the IP address used to download and distribute Plaintiff's works via the BitTorrent network. D.E. 4.

4. Plaintiff issued the subpoena on November 17, 2020 and received the ISP's response on or about January 20, 2021.

5. On January 13, 2021, Plaintiff filed an application seeking an extension of the deadline to effect service of process, D.E. 5, which this Court granted on January 19, 2021, D.E. 6, making the deadline for service (effectively) March 22, 2021. *See* Fed. R. Civ. P. 6(a)(1).

6. After receiving the ISP's response to that court-authorized subpoena, Plaintiff conducted a further investigation to determine the identity of the infringer. Based on the investigation of the subscriber and publicly available resources, Plaintiff identified the subscriber as the true infringer/Defendant (beyond their mere association with the IP address).

7. On March 20, 2021, Plaintiff filed a redacted version of its First Amended Complaint. D.E. 7.

8. Although Plaintiff is aware of Defendant's identity and Fed. R. Civ. P. 10(a) requires that "[t]he title of the complaint must name all the parties," Plaintiff is sensitive to Defendant's presumed privacy concerns, and, therefore, and has filed its First Amended Complaint against Defendant maintaining a John Doe pseudonym in the caption, and redacted Defendant's name, address, and additional factual information that directly links the Defendant to the infringement in this case.

9. While there is a presumptive right of public access to judicial proceedings and

records, that right is not absolute and the presumption may be rebutted.  *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, the moving party must demonstrate (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking disclosure.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).  Once the movant establishes the foregoing two elements, a district court will engage in a balancing process, pursuant to which, the court will weigh the common law presumption of access against those factors that militate against access.  *In re Cendant Corp.*, 260 F.3d at 194; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.3d 653, 662 (3d Cir. 1991).

10. The Third Circuit has recognized that "in exceptional cases courts have allowed a party to proceed anonymously."  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).  And while "embarrassment" alone is "not enough" to justify this relief, the Third Circuit has specifically recognized that examples of such "exceptional cases" often involve questions touching on sexuality, such as "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."  *Id.* (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

11. This matter concerns allegations of the illegal downloading and distribution of adult movies.  To be sure, a complaint is "the means by which parties invoke the authority of the court, [and as such] are especially deserving of the right to access."  *In re: Domestic Drywall Antitrust Litig.*, No. 13-2437, 2015 WL 7733465, at *2 (E.D. Pa. Dec. 1, 2015) (footnote omitted).  However, as other courts have recognized, "[a]n allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's

3

sexuality." *Next Phase Distribution, Inc. v. Does 1-138*, No. 11-9706, 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012) (quoting *Digital Sin, Inc. v. Does 1–5698,* No. 11-04397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011)).

12. Many of the non-exclusive factors endorsed by the Third Circuit in *Megless* weigh in favor of permitting Defendant to remain pseudonymous here: Defendant's identity has been kept confidential thus far; that the allegations of the complaint touch upon Defendant's sexuality provide a valid basis to fear/avoid disclosure; there is no illegitimate motive to keep Defendant's identity from public disclosure; and there is little to no public interest in knowing Defendant's identity in this matter. *See Malibu Media, LLC v. Doe*, No. 15-2624, 2015 WL 6116620, at *5 (S.D.N.Y. Oct. 16, 2015) ("While the public interest is generally furthered by allowing public scrutiny of judicial proceedings, here there is minimal public interest in disclosing Defendant's name when weighed against Defendant's interests in remaining anonymous.") (citing *Next Phase Distribution,* 2012 WL 691830, at *2).

13. Importantly, Plaintiff does not seek to seal the entire complaint, but to only file a copy of the complaint with those paragraphs that contain Defendant's identifying information unredacted. The redacted version of the complaint would remain available on the public docket. Similarly, other documents (such as the proof of service), would be filed in limited redacted form on the public docket, with the unredacted version filed under seal. Defendant's identity is of little value to those monitoring the federal courts: no one is a public figure, and the issues raised are not novel since Plaintiff's national campaign against mass BitTorrent infringement has resulted in many such cases of this type being filed throughout the country, with many of them filed in this District.

14. An order temporarily preserving Defendant's ability to appear and more fully brief

their privacy interest in defending this claim pseudonymously would protect Defendant's important privacy interest and, ultimately, allow the parties to focus on litigating the merits of this dispute, while still preserving the public's interest in knowing the contours of this matter. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 20-04728, D.E. 10, 14 (E.D. Pa.) (Brody, J.); *Strike 3 Holdings, LLC v. Doe*, 20-04126, D.E. 7, 16 (E.D. Pa.) (Brody, J.); *Strike 3 Holdings, LLC v. Doe*, No. 20-04113, D.E. 9, 19 (E.D. Pa.) (Padova, J.).

15. Plaintiff is unaware of any non-party that objects to this request. Plaintiff is also unaware if Defendant objects to this request since, based on information and belief, Defendant is not represented by counsel and Plaintiff has not made any attempt to communicate with Defendant. *See* D.E. 4 at ¶ 7 ("Any future notices or communications to the defendant must be approved by the Court.") (footnote omitted).

WHEREFORE, Plaintiff respectfully requests entry of an order (1) granting leave for Plaintiff to file an unredacted version of its Amended Complaint, Amended Civil Cover Sheet, Proposed Summons, and Proof of Service/Waiver of Service under seal and (2) directing the Clerk of the Court to maintain the case caption for this matter with a John Doe pseudonym, pursuant to Fed. R. Civ. P. 5.2(e), 10(a), 26(c), and L. Civ. R. 5.1.5(a)(2); and (3) extending the time within which it has to effectuate service of the Summons and Complaint on Defendant be extended an additional forty-five (45) days, to May 6, 2021, pursuant to Fed. R. Civ. P. 4(m). A proposed order is attached for the Court's convenience.

Dated: March 20, 2021    Respectfully submitted,

By: */s/ John C. Atkin*
John C. Atkin, Esq. (326957)
JAtkin@atkinfirm.com
55 Madison Ave., Ste. 400, Morristown, NJ 07960
Tel.: (973) 314-8010 / Fax: (833) 693-1201
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Civil Rule 5.1.2(8)(b), I certify that on the date set forth below, I caused a copy of this motion and proposed order to be filed electronically and that they are available for viewing and downloading from the ECF system.

Dated:  03/20/2021

*/s/ John C. Atkin, Esq.*
John C. Atkin, Esq.